UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Does 1-5,

    Plaintiffs,

v.                                                                    Case No. 15-11307

Lahkman Younis Al-Hakim, et al.,                 Honorable Sean F. Cox

    Defendants.
_____/

**ORDER STRIKING NOTICE OF REMOVAL (Doc. #11)**

Plaintiffs filed this case on April 8, 2015,[1] alleging that Defendants failed to pay them minimum and overtime wages as required pursuant to the Fair Labor Standards Act[2] and the Workforce Opportunity Wage Act.[3]  (Compl. Doc. #1).

On April 24, 2015, Defendants Lahkman Younis Al-Hakim ("Al-Hakim") and BFC Realty, LLC ("BFC Realty") (collectively, "Defendants") filed a "Notice of Removal of BFC Realty, LLC and Lahkman Younis Al-Hakim."  (Doc. #11).  In this "Notice of Removal," Defendants "assert removal of these proceedings to the pending Chapter 11 proceedings of BFC Management Company, pending in the United States District Court for the Eastern District of Michigan, Case No.

---

[1] This case is a companion to a previous Eastern District of Michigan case entitled *Jane Does 1-10 v. BFC Management Company*, Case No. 14-10522.  That case was administratively closed due to the imposition of an automatic bankruptcy stay upon BFC Management's filing of a Chapter 11 bankruptcy petition.  (*See Jane Does 1-10*, Case No. 14-10522, Doc. #74).  After that case was closed, another companion case was filed in this District against Masoud Sesi. (*Jane Does 1-19 v. Masoud H. Sesi*, Case No. 14-14698).  That case was also administratively closed due to the imposition of an automatic bankruptcy stay upon Masoud Sesi's filing of a Chapter 11 bankruptcy petition.  (*See Jane Does 1-19*, Case No. 14-14698, Doc. #7).

[2] 29 U.S.C. § 201 *et seq*.

[3] M.C.L. § 408.411 *et seq.*

14-55862-MAR." (Notice of Removal, Doc. #11 at 6). Defendants claim that such removal is warranted because this case is related to the bankruptcy case involving BFC Management Company.[4]

Defendants assert that 28 U.S.C. § 1452 provides the authority for their purported removal of this case from this Court to this district's bankruptcy court. 28 U.S.C. § 1452 provides, in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

Contrary to Defendants' assertion, the Court finds that 28 U.S.C. § 1452 does not permit removal of a federal district court case to that district's bankruptcy court. Although this Court could find no Eastern District of Michigan or Sixth Circuit case directly on point, numerous other courts have held that § 1452 does not authorize a party to remove a lawsuit from a federal district court to the bankruptcy court within that district. *In re Cornell & Co., Inc.*, 203 B.R. 585 (Bankr. E.D. Pa. 1997) (holding that debtor cannot remove matter from District Court for the Eastern District of Pennsylvania to the Bankruptcy Court for the Eastern District of Pennsylvania); *In re Sharif*, 407 B.R. 316, 320 (Bankr. N.D. Ill. 2009) (noting that "there is no legal authority to support removal from a federal district court to a bankruptcy court" because to do so would "jeopardize the district courts' referral authority regarding bankruptcy matters and undermine 28 U.S.C. § 157 which gives district courts the authority to withdraw cases from the bankruptcy courts . . . ."); *Doyle v. Mellon*

---

[4] Bankruptcy Case Number 14-55862-MAR.

*Bank, N.A.*, 307 B.R. 462, 465 (E.D. Pa. 2004) (striking Notice of Removal that purported to remove a district court action to a bankruptcy court); *In re Mitchell*, 206 B.R. 204, 207, 209 (Bankr. C.D. Cal. 1997) (explaining that "the proper procedure for a party to use to request a district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to *refer* that lawsuit to the bankruptcy court for further handling . . . ."); *In re The Academy*, *Inc.*, 288 B.R. 286 (Bankr. M.D. Fla. 2002) (action pending in district court cannot be removed to bankruptcy court; it must be referred to the bankruptcy court); *see also* Bankruptcy Law Manual § 2:15 (5th ed.).

Based on the foregoing, the Court finds that Defendants' purported Notice of Removal is without legal effect. Accordingly, the Court shall STRIKE Defendants' Notice of Removal (Doc. #11) from the docket.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 4, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 4, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

3