UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jane Does 1-25,

    Plaintiffs,

v.                                            Case No. 15-11307

Lahkman Younis Al-Hakim, et al.,      Honorable Sean F. Cox

    Defendants.

_____/

### OPINION AND ORDER APPROVING SETTLEMENT AGREEMENT

This is a wage-and-hour case. Plaintiffs filed this case on April 8, 2015,[1] alleging that Defendants failed to pay them minimum and overtime wages as required pursuant to the Fair Labor Standards Act[2] and the Workforce Opportunity Wage Act.[3] (Compl. Doc. #1).

On August 31, 2015, the parties filed a Joint Memorandum Concerning Court Approval of their Settlement Agreement. (Motion, Doc. #38). The settlement agreement has been provided to this Court, and the parties have been ordered to provide the Court with a Stipulation of Dismissal With Prejudice to be entered upon entry of this Opinion and Order.

---

[1] This case is a companion to a previous Eastern District of Michigan case entitled *Jane Does 1-10 v. BFC Management Company*, Case No. 14-10522. That case was administratively closed due to the imposition of an automatic bankruptcy stay upon BFC Management's filing of a Chapter 11 bankruptcy petition. (*See Jane Does 1-10*, Case No. 14-10522, Doc. #74). After that case was closed, another companion case was filed in this District against Masoud Sesi. (*Jane Does 1-19 v. Masoud H. Sesi*, Case No. 14-14698). That case was also administratively closed due to the imposition of an automatic bankruptcy stay upon Masoud Sesi's filing of a Chapter 11 bankruptcy petition. (*See Jane Does 1-19*, Case No. 14-14698, Doc. #7).

[2] 29 U.S.C. § 201 *et seq*.

[3] M.C.L. § 408.411 *et seq*.

The Court finds that the parties are engaged in a *bona fide* dispute, that their proposed settlement terms are fair and reasonable, and that the award of attorney's fees and costs is fair. Accordingly, the Court shall APPROVE the Settlement Agreement.

## BACKGROUND

As the parties state, this is the fourth case in a series of lawsuits between these and related other parties concerning the Plaintiffs' right to collect unpaid minimum and overtime wages pursuant to the FLSA. Plaintiffs are current and/or former exotic dancers at the Ace of Spades club in Detroit, Michigan. These Defendants, BFC Realty, LLC and Lahkman Younis Al-Hakim, own the building and land upon which the Ace of Spades club is operated. Plaintiffs argued in their Complaint that Defendants are "employers" within the meaning of the FLSA and are, therefore, liable to them for unpaid wages.

The parties engaged in extensive mediation in connection with the bankruptcy proceedings involving BFC Management, LLC and Masoud Sesi. *See* fn 1. On or about August 11, 2015, the parties notified the Court that they had reached a resolution of all of Plaintiffs'[4] claims. The parties have also reached an agreement as to the proper amount of attorney's fees and costs to be awarded Plaintiffs' counsel. (*See* Joint Supp. Br., Doc. #38).

## STANDARD OF REVIEW

"As a general rule, employees' claims under the FLSA are non-waivable and may not be

---

[4] While only five Plaintiffs were initially involved in this litigation, numerous other named Plaintiffs from the previous cases were named as "Entertainment Creditors" in the various bankruptcy proceedings. The parties' settlement agreement encompasses all Plaintiffs and all Defendants involved in all four of the related cases. (*See* Joint Supp. Br., Doc. #38 at pp. 2–5.) Because of the global nature of the parties' mediation and resulting settlement agreement, the parties submitted, and this Court entered, a Stipulated Order joining all of the Plaintiffs in this litigation for settlement purposes. (Order, Doc. #39).

settled without supervision of either the Secretary of Labor or a district court." *Snook v. Valley OB-Gyn Clinic, P.C.*, 2015 WL 144400 at *1 (E.D. Mich. Jan. 12, 2015). Before this Court can approve the settlement of Plaintiffs' FLSA claims, the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented. *Id.* This Court must also separately assess the reasonableness of Plaintiffs' attorney's fees and costs award, "even when the fee is negotiated as part of a settlement rather than judicially determined." *Thompson v. United Stone, LLC*, 2015 WL 867988 at *2 (E.D. Tenn. 2015).

To determine whether a FLSA settlement is both fair and reasonable, the court takes into account the following factors:

(1) the risk of fraud or collusion;

(2) the complexity, expense and likely duration of the litigation;

(3) the amount of discovery completed;

(4) the likelihood of success on the merits;

(5) the opinion of class counsel and representatives;

(6) the reaction of absent class members; and

(7) public interest in the settlement.

*Snook*, 2015 WL 144400 at 1.

## ANALYSIS

The Court finds that the parties are engaged in a *bona fide* dispute. Plaintiffs allege that they have been mis-classified as "independent contractors" rather than employees and were not paid overtime wages or minimum wages as required under the FLSA. (Compl. at p. 18). Defendants deny most of Plaintiffs' allegations, including the allegation that they are "employers" of Plaintiffs

3

as defined by the FLSA and relevant case law.  In fact, Defendants had two Motions to Dismiss still pending before the Court when the parties notified the Court that they settled the case.  This "good-faith disagreement" would have required judicial resolution had the parties not jointly resolved Plaintiffs' claims.  *See Shaffer v. LCPZ Canton, Inc.*, 2015 WL 23654 at *2 (N.D. Ohio Jan. 16, 2015).  Thus, the Court is satisfied that Plaintiffs' FLSA claims were actually and reasonably in dispute.

The Court further finds that the proposed settlement agreement is a fair and reasonable resolution to the parties' *bona fide* dispute.  Both parties are represented by highly qualified and competent counsel who specialize in bankruptcy law and employment law.  There is no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations.  Further, this case is still in its infancy and dispositive motions are pending.  Settlement resolves the uncertainty of case outcomes for both parties.

Finally, the Court concludes that the attorney's fees and costs award is reasonable. Plaintiffs' counsel has undoubtedly expended considerable time and resources working up these cases to this point.   As mentioned, this is the fourth installment of cases concerning Plaintiffs' claims against various entities related to the Ace of Spades club.  Plaintiffs also had to retain separate bankruptcy counsel in order to adequately protect Plaintiffs' rights during the bankruptcy proceedings concerning the three prior defendants.  Further, as the parties point out, Plaintiffs' fee award is far less than they likely could have received pursuant to their retainer agreements.

## CONCLUSION

Based on the foregoing, the Court hereby APPROVES the parties' FLSA Settlement

Agreement.  (*See* Doc. #38).  A Stipulated Order of Dismissal With Prejudice will follow.

**IT IS SO ORDERED.**

    S/Sean F. Cox  
    Sean F. Cox  
    United States District Judge

Dated:  September 1, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 1, 2015, by electronic and/or ordinary mail.

    S/Jennifer McCoy  
    Case Manager